IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kimila Wooten, Darryl Balderson, | Case No. 6:25-cv-10329-JDA |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Phoenix Motor Inc., *d/b/a Phoenix Motorcars*; Phoenix Cars LLC, *d/b/a Phoenix Motorcars*; Phoenix Cars Employee Benefit Plan, | |
| Defendants. | |

This matter is before the Court on Defendant Phoenix Motor Inc. ("Phoenix Motor")'s motion to set aside default and Plaintiffs' motion to strike Phoenix Motor's Answer to Plaintiffs' Complaint. [Docs. 13; 24.] For the reasons stated herein, the Court grants Phoenix Motor's motion and denies Plaintiffs' motion.

**BACKGROUND**

Plaintiffs filed their Complaint on August 11, 2025. [Doc. 1.] Plaintiffs lodge claims against Defendants for breach of fiduciary duty and recovery of benefits under the Phoenix Cars Employee Benefit Plan. [*Id.* at 3–5.]

Plaintiffs served the Complaint on Phoenix Motor on August 18, 2025, making the responsive pleading due by September 8, 2025. [Doc. 5; *see also* Doc. 14-1 (indicating Phoenix Motor's receipt of the Secretary of State's acceptance of service on August 25, 2025).]

On September 10, 2025, Plaintiffs requested an entry of default against Phoenix Motor. [Doc. 9.] The Clerk entered default on September 11, 2025. [Doc. 11.] On

September 12, 2025, counsel made an appearance on behalf of Phoenix Motor and moved to set aside the default. [Docs. 12; 13; *see also* Doc. 14-2.] Plaintiffs filed a response in opposition to the motion, Phoenix Motor filed a reply, and Plaintiffs filed a sur-reply. [Docs. 14; 15; 20; *see* Docs. 18; 19.]

On October 15, 2025, all Defendants filed an Answer to the Complaint. [Doc. 22.] On October 16, 2025, Plaintiffs filed a motion to strike Phoenix Motor's Answer. [Doc. 24.] Defendants filed a response in opposition to the motion. [Doc. 27.]

Phoenix Motor's motion to set aside default and Plaintiffs' motion to strike Phoenix Motor's Answer are thus ripe for review.

## APPLICABLE LAW

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for mere good cause. To this end, the Fourth Circuit has identified six factors to consider when determining whether to set aside an entry of default: (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether the defaulting party has a history of dilatory action; and (6) the availability of sanctions less drastic than default judgment. *Payne ex. rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

"Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *see also Mobil Oil Co. De Venez. v. Parada Jimenez*, Nos. 92-1242, 92-1554, 1993 WL 61863, at *3 (4th Cir. Mar. 9, 1993) (unpublished)

("[T]he extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").

## ANALYSIS

After careful review of the *Payne* factors, the Court grants Phoenix Motor's motion to set aside the Clerk's entry of default against it.

**Presence of a Meritorious Defense**

Regarding the first factor, "all that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727 (internal quotation marks omitted). In the present case, Phoenix Motor did not proffer any evidence in its initial motion to set aside default. [*See generally* Doc. 13.] Moreover, Phoenix Motor's reply discusses the meritorious defense factor in conclusory fashion. [Doc. 15 at 4 ("Defendant contests Plaintiffs' causes of action relating to breach of fiduciary duty and benefits to which Plaintiffs assert they are entitled under the Employee Benefit Plan.").] Although Phoenix Motor has since filed an Answer to the Complaint containing defenses [Doc. 22], the Court will nevertheless assume this factor weighs in favor of Plaintiffs.[1]

---

[1] Although this particular factor weighs in Plaintiffs' favor, the Court does not agree with Plaintiffs that the absence of a proffer of evidence is fatal to Phoenix Motor's motion. *See Propps v. Kirkpatrick,* No. 21-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (finding moving party's offer to present evidence showing meritorious defense "unnecessary" in light of other *Payne* factors).

**Reasonable Promptness of the Defendant**

Second, Phoenix Motor acted with reasonable promptness by filing its motion to set aside default only one calendar day after the Clerk of Court entered default. [Docs. 11; 13.] *See Wainwright's Vacations, LLC v. Pan Am. Airways Corp.,* 130 F. Supp. 2d 712, 718 (D. Md. 2001) (determining the defendant acted with reasonable promptness when filing a motion to set aside default 33 days after entry of default). Accordingly, this factor weighs in favor of Phoenix Motor.

**Personal Responsibility of the Defendant**

Although the Court agrees with Plaintiffs that Phoenix Motor's answer deadline began to run when the Secretary of State accepted service on its behalf, *see Holman v. Warwick Furnace Co.,* 456 S.E.2d 894, 896 (S.C. 1995); Fed. R. Civ. Pro. 12, Phoenix Motor's actual receipt of the Secretary of State's acceptance of service on August 25, 2025, accounts for its delay at least in part. [Doc. 14-1.] Because the delay does not appear attributable to "any intent . . . to disregard or derail the legal process," *Propps,* 2021 WL 4951930, at *2, this factor weighs in favor of Phoenix Motor.[2]

**Prejudice to Plaintiffs**

Plaintiffs cannot demonstrate prejudice where they face "no disadvantage . . . beyond that suffered by any party which loses a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F. 2d 808, 812 (4th Cir. 1988). "[A]s obvious as it may be, it bears mention that no cognizable prejudice inheres in requiring a

---

[2] Plaintiffs contend that "Phoenix Motor . . . told the process server [on August 25] that it was aware of the case." [Doc. 14 at 1.] However, the affidavit of non-service referenced by the Plaintiffs refers to Phoenix Cars, LLC, not Phoenix Motor. [Doc. 6-3.] Moreover, such facts do not contradict Phoenix Motor's representation that it became aware of the case on August 25, 2025.

4

plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 419 (4th Cir. 2010). As Phoenix Motor indicates, "setting aside default against this Defendant will do nothing more than allow the case to proceed on the merits." [Doc. 13 ¶ 8.] The Court agrees—the prejudice factor weighs in favor of Phoenix Motor.[3]

**Defendant's History of Dilatory Action**

Plaintiffs point to no previous dilatory action on the part of Phoenix Motor. As previously noted, Plaintiffs' contentions regarding dilatory tactics in the affidavit of non-service concern Phoenix Cars, LLC—a separate Defendant. [Doc. 6-3.] Moreover, Phoenix Motor moved to set aside the default one day after the Clerk's entry of default. As such, this factor weighs in favor of Phoenix Motor.

**Availability of Less Drastic Sanctions**

"[W]hen a default judgment is vacated the trial court may nonetheless impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta*, 843 F.2d at 811. Because less drastic sanctions are available, this factor weighs in favor of Phoenix Motor.[4]

## **CONCLUSION**

Given the Fourth Circuit's strong preference in favor of adjudicating cases on their merits and given that five of the six *Payne* factors weigh in favor of Phoenix Motor, the

---

[3] Because the aforementioned grounds are sufficient, the Court declines to address Phoenix Motor's argument that Plaintiffs would suffer no prejudice because "service is [not] complete as to all Defendants." [Doc. 13 ¶ 8.]

[4] To this end, Plaintiffs may file a motion, within two weeks of the entry of this Order, seeking reasonable costs and attorney's fees related to its 3-page request for entry of default. [Doc. 9.]

5

motion to set aside entry of default [Doc. 13] is GRANTED.  Consequently, Plaintiffs' motion to strike Phoenix Motor's Answer [Doc. 24] is DENIED.  All parties are directed to commence discovery in accordance with the Court's Scheduling Order.  [Doc. 41.]

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

December 29, 2025  
Greenville, South Carolina